STATE OF MAINE                                    SUPERIOR COURT
                                                     CIVIL ACTION
YORK, ss.                                   DOCKET NO.  AP-12-046
                                               PAF  - YOR- 2/15/2013


RONALD L. YOUNG and
DONNA L. YOUNG,

                Plaintiffs


        v.                              ORDER AND DECISION


INHABITANTS OF THE TOWN
OF WATERBORO and

PAULETTE L. DAVIS,

                Defendants


        The plaintiffs and Ms. Davis own abutting properties in Waterboro and have had

a contentious relationship.    In AP-12-03 the Youngs appealed from a decision of the

Waterboro Zoning Board of Appeals (Board) of December 15, 2011 which upheld the

granting of a building permit to Ms. Davis on August 25, 2011 to construct a temporary

garage.    Oral argument was held on that appeal on July 25, 2012 where it was

disclosed that a separate building permit for a barn had been issued on April 18, 2012.

An order was issued by this Court on August 1, 2012 in AP-12-03 which reversed the

decision of the Board and vacated the August 25, 2011 permit for a temporary garage.

        The first notice that the Youngs had of the new permit was the surprise

announcement of its existence at the July 25, 2012 oral argument.   The Youngs filed an

appeal with the Board on August 1, 2012 challenging the awarding of the April 18, 2012

building permit for the barn.   Their appeal was denied by the Board as untimely and

they have appealed to this Court.

The August 1, 2012 appeal to the Board was untimely under the Waterboro ordinance, see Section 2.05, as it was filed more than 30 days after the building permit was granted. The Board does not have the power to extend that deadline. However, the Superior Court does.

In *Viles v. Town of Embden,* 2006 ME 107, ¶¶ 6-18, 905 A.2d 298, 300-303 the Law Court reviewed its case law concerning extensions of time to file an appeal to a municipal board from the granting of a building permit. The test had previously been called the "flagrant miscarriage of justice" standard and has been more recently treated as a "good cause" test. Using either terminology the standard and the result are the same.

The Youngs, despite pending litigation, had no knowledge that the new permit had been granted until they heard about it at oral argument. While the Town was not required to inform them the Town refused the Youngs request that they be notified. Ms. Davis did not post the new building permit.

The Youngs appealed to the Board within one week of learning of the permit.

Considering "all of the equities of the situation" the Youngs must be granted an extension of time. Their appeal is timely and must be considered on its merits by the Board. I also find that the permit of April 18, 2012, though it had conditions attached to it, was a permit from which an appeal could be taken.

The entry is:

Judgment for the plaintiffs. Remanded to the Waterboro Zoning Board of Appeals for a hearing on the appeal of the Plaintiffs from the decision to grant a building permit on April 18, 2012 for the construction of a barn.

Dated: February 15, 2013

Paul A. Fritzsche
Justice, Superior Court

2

ATTORNEY FOR PLAINTIFFS:
S. JAMES LEVIS, JR., ESQ.
LAW OFFICE OF S. JAMES LEVIS, JR., P.A.
5 WEBHANNET PLACE, #12
KENNEBUNK, ME 04043

ATTORNEY FOR DEFENDANTS:
MARK A. BOWER, ESQ. (TOWN OF WATERBORO)
JENSEN BAIRD GARDNER & HENRY
P.O. BOX 4510
PORTLAND, ME 04112

PAULA DAVIS, PRO SE
221 MAIN STREET
E. WATERBORO, ME 04030